IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

FILED
DES MOINES, IOWA

2001 APR 16 PM 4: 2

CLERK U.S. DISTRICT COUR
SOUTHERN DISTRICT OF IOW

| | | |
|---|---|---|
| IOWA STATE UNIVERSITY RESEARCH FOUNDATION an Iowa Non-profit Corporation, and METABOLIC TECHNOLOGIES INCORPORATION, an Iowa Corporation, | ) ) ) ) ) | Civil Action No. _____ **4:01-CV-80234** |
| Plaintiffs, | ) ) | COMPLAINT JURY TRIAL DEMANDED |
| v. | ) ) | |
| KILO SPORTS, INC., an Arizona Corporation, | ) ) | |
| Defendant. | ) | |

Plaintiffs Iowa State University Research Foundation and Metabolic Technologies

Incorporation state, as their Complaint versus Kilo Sports, Inc., the following:

## DIVISON I - THE PARTIES, NATURE OF ACTION, JURISDICTION AND VENUE

1.     Plaintiff, Iowa State University Research Foundation (hereinafter referred to as

"ISURF), is an Iowa non-profit corporation with its principal place of business at 315 Beardshear

Hall, Ames, Iowa 50011.

2.     Plaintiff, Metabolic Technologies Incorporated (hereinafter referred to as "MTI"),

is an Iowa corporation with its principal place of business at 2625 North Loop Drive, Ames,

Iowa 50010.

3.     Defendant, Kilo Sports, Inc. is, upon information and belief, an Arizona

corporation with its principal place of business at 2326 E. Mallard Ct., Gilbert Arizona 85234-

3812, which has advertised its products in Iowa via the internet, and presumably has sold

products to residents of the State of Iowa.

Pleading #_____/

4.     This action is for patent infringement, based on 35 U.S.C. §271.

5.     As such, subject matter jurisdiction is exclusive to this Court based upon 28 U.S.C. §1338(a).

6.     Personal jurisdiction is based on Federal Rule of Civil Procedure 4(e), and on sufficient minimum contacts between the Defendant and this jurisdiction such that the exercise of personal jurisdiction by this Court comports with the applicable state, federal, and constitutional requirements.  To that end, Defendant maintains contacts within this jurisdiction, does business in this jurisdiction, and committed in this jurisdiction certain acts alleged herein to constitute the violations of Plaintiffs' rights.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400.

## DIVISION II – PATENT INFRINGEMENT

8.     ISURF is the owner of the following United States Letters Patents:

> 4,992,470 entitled "Method of Enhancing Immune Response of Mammals," duly and legally issued on February 12, 1991;

> 5,348,979 entitled "Method of Promoting Nitrogen Retention in Humans," duly and legally issued on September 20, 1994;

> 5,360,613 entitled "Method of Reducing Blood Levels of Total Cholesterol and Low-Density Lipoprotein Cholesterol," duly and legally issued on November 1, 1994; and

> 6,103,764 entitled "Method for Increasing the Aerobic Capacity of Muscle," duly and legally issued on August 15, 2000.

(Hereinafter collectively referred to as the "ISURF Patents"). Each of the ISURF Patents

continues in full force and effect to this day, and ISURF has the right to enforce the ISURF

Patents.

9.    By and through a license agreement between ISURF and MTI entered into on

May 16, 1990, MTI is the exclusive licensee of the ISURF PATENTS, and MTI has the right to

enforce the ISURF Patents and to collect any damages resulting from any such enforcement.

10.    To the best of the Plaintiffs' knowledge, the ISURF Patents cover all known uses

of the substance β-hydroxy-β-methylbutyrate (hereinafter referred to as HMB), in both animals

and humans, and in all forms of HMB including its free acid, salt, ester, and lactone forms.

Accordingly, HMB is not a staple article of commerce as that term is used and understood in 35

U.S.C. §271(c).

11.    Plaintiffs have taken reasonable steps to ensure that all authorized products

incorporating the patented technology have been marked in accordance with the notice

provisions of 35 U.S.C. §287.

12.    Defendant actively sells HMB, and has sold HMB within this jurisdiction, and

maintains a commercial interactive Internet Web site for the purpose of selling, *inter alia*, HMB.

The Web site is accessible at the following address: http:\www.kilosports.com. Defendant uses

the following description/instructions with regard to the use, and uses of,

"Description:  HMB is a compound with application to sports nutrition."

"Pharmacology:  Experiments have reported substantial gains (over control groups) in

strength and lean muscle mass in weight-trainers consuming 3 grams of HMB daily for

approximately one month."

"Directions:  500 mg 6X a day with and between meals (adjust for size weight)."
Defendant has profited from its commercial activities related to HMB.

13.     Defendant's aforementioned commercial activities related to HMB constitute an
infringement of one or all of the ISURF Patents under 35 U.S.C. §271(a), (b), and/or (c).

14.     Defendant was notified in writing of the Plaintiffs' rights in the ISURF Patents
on, or about June 25, 1999, and thereby had actual notice of the ISURF Patents at least as early
as said date.  To the extent that the Defendant continued its infringing conduct after said date,
such conduct constitutes willful infringement of the ISURF Patents.

15.     As a result of Defendant's infringing conduct, Plaintiffs have been irreparably
damaged and denied the benefit of the protections afforded to Plaintiffs under the ISURF Patents.

WHEREFORE, Plaintiffs demand the following relief:

a)      that this Court adjudge that MTI is the exclusive licensee, and that ISURF is the
lawful owner, of the ISURF Patents and that both are entitled to the right of recovery thereunder;

b)      that this Court adjudge that the ISURF Patents are good and valid in law and that
Defendant has infringed one or all of the ISURF Patents;

c)      that a temporary and permanent injunction be issued enjoining Defendant and its
subsidiaries, affiliates, agents, servants, and employees, and all other persons in active concert
with them from further infringing conduct;

d)      that an accounting be had for the damages arising out of Defendant's infringing
conduct and that damages so ascertained be trebled and awarded to Plaintiffs together with
interest thereon;

e)      that Plaintiffs be awarded its reasonable attorneys' fees, costs, and expenses
encored in this action under 35 U.S.C. §285 due to the exceptional nature of this case; and

4

f)      that this Court grant Plaintiffs such other and further relief as it may deem just and appropriate.

## JURY DEMAND

Plaintiffs, Iowa State University Research Foundation and Metabolic Technologies Corporation demand a jury to hear all issues so triable in this action.

David A. Tank                          #478603141
Daniel A. Rosenberg                    PK0015578
DAVIS, BROWN, KOEHN, SHORS
  & ROBERTS, P.C.
666 Walnut Street
2500 Financial Center
Des Moines, Iowa 50309-3993
Telephone:     515/288-2500
Facsimile:     515/243-0654

ATTORNEYS FOR PLAINTIFFS

Copies to:

| PROOF OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on _____, 20___ by: |
| ☐ U.S. Mail          ☐ FAX<br>☐ Hand Delivered     ☐ Overnight Courier<br>☐ Federal Express     ☐ Other: _____<br><br>Signature: _____ |

5